Mr. Chief Justice Sharkey
delivered the opinion of the court.
Hill was sued as executor of Tidwell on a promissory note for $500, made by the deceased in his lifetime. At the return term, he pleaded non assumpsit, and presented to the court a petition for the transfer of the cause to the circuit court of the United States. In the petition, he states that he is a citizen of Louisiana, and that the plaintiff Henderson is a citizen of this state; that the sum in controversy exceeds $500, and prayed that the cause might be transferred. He offered surety, as required by the act of congress, for his compliance with the conditions of the law. The refusal to transfer the cause is one of the errors assigned. An objection was also taken to the form of the judgment, it being against the goods and chattels of the testator, if to be had, but if not, then against the proper goods of Hill. The judgment was probably so entered because the suit was against Hill as executor de son tort, or at least it was in that capacity that a recovery was sought.
The act of congress is explicit, that if suit be' commenced in a state court by a citizen of the state in which the suit is brought, against a citizen of another state, for a sum exceeding $500 exclusive of costs, to be made to appear by sufficient showing to the court, and the defendant shall, at the time of entering his appearance, file a petition for the removal of the cause into the next circuit court to be held in the district where the suit is *356 pending, and offer good surety for his entering in such court, on the first day of its session, copies of the process against him, and also for his there appearing, and entering special bail if it be necessary; it shall then be the duty of the state court to accept the surety, and proceed no further in the cause; and the copies being entered, the cause proceeds in the United States court, as though it had there been commenced. On a careful examination of the petition, we are unable to perceive even a technical ground for its refusal. It seems to comply with the act of congress in every particular. It contains all the statements prescribed, and was offered at the return term, or indeed before, as it was filed a few days after the service of process, Hill having previously entered his appearance. But- whether the filing was a sufficient presentation or not, is not material, since it was presented to the court at the return term. The amount in controversy was manifest from the papers in the cause. The terms of both courts commenced on the same day, hence it was impossible for Hill to file his papers at that term of the United States court. But that, in truth, was not the next term. If the two courts happen to be in session at the same time, a fair construction of the act of congress entitles the party to have the transfer made and returned to the next succeeding term. Nor was the circumstance that Hill was sued as executor, entitled to any weight. The suit was brought with the view of charging him as executor de son tort. A citizen of one state may be executor in another, and, as such, he will be amenable to the jurisdiction of the probate court; but the courts of the United States have jurisdiction in the case of executors or administrators, even though the court might not have had jurisdiction as to the testator or intestate. Childress v. Emory, 8 Wheat. R. 642. As the act is imperative that the court shall proceed no further, it was error to do so ; the party having made out a clear right to a transfer of the cause, the authority of the state court ceased. It is error in a court to proceed to judgment when the law declares it shall not. A mandamus is not the proper remedy. This identical question was so decided in Tennessee, after an elaborate argument, and we think correctly. *357 Mar. & Yerg. R. 266. It was there insisted that the aggrieved party must resort to a mandamus, but the court decided otherwise.
For this error the judgment, must be reversed, and the cause remanded, with directions that it be transferred to the- circuit court of the United States, on the plaintiff entering into the required bond with sufficient surety.